GReen, J.
delivered the opinion of the court.
This is an indictment for selling ‘spiritous liquors by the quart, intended to be drank on the premises. There was evidence that the plaintiff in error occupied the front room of the house as a grocery and sold liquors by the quart, which were drank in the back room, and in the yard, and that he furnished the persons who drank it with vessels, glasses, &c.
The court charged the jury “that if the defendant sold the spirits by the quart, with the intent that the purchaser should drink the same on the lot where the grocery was situated, he would be as guilty as if he had permittted it to be drank in the house; and that the defendant furnishing the bottles, glasses and conveniences of drinking the spirits, would be evidence of his intention as to where the liquor should be drank; that if they went and drank the liquor on the lot or in the house without his consent he would not be guilty.”
The jury found the defendant guilty, and the court fined him fifty dollars, from which judgment he appealed to this court.
1st. There is no doubt, but that the act of 1838, ch. 120, makes the offence of selling a quart or greater quantity of spiritous liquors to be drank at the place where sold, an indictable offence ; as well as the sale of a less quantity than a quart. In the case of Dyer vs. The State, Meigs Rep. 237, this court decided, that retailing spiritous liquors was an indictable offence. The act of 1779, ch. 10, was only referred to for a definition of the offence cre *318 ated by the act of 1838, ch. 120, and not with a view to indicate that the penalty prescribed by that act, was the only punishment which, by the law, is now to be inflicted upon the offender. That case decides, that the act of 1811, which made the retailing in quantities less than a quart indictable, is not in force. The act of 1779, neither made the retailing less quantities than a quart, nor the sale of a quart or more to be drank at the place where sold, indictable offences. It only inflicted a penalty recoverable by action. If a party therefore, by the act of 1838, be indictable for selling by a small measure, by the same argument it is proved that he is indictable for selling by the larger measure, when the liquor is intended to be drank at the place where sold.
When the case of Moore vs. The State, 9 Yerger, 353, was decided, the sale of a quantity over a quart, to be drank where sold, was not indictable ; but the act of 1838, ch. 120, having made the retailing spiritous liquors an offence, without any reference to the quantity sold, to be punished as other misdemeanors; and the of-fence of retailing, by the act of 1779, ch. 10, being defined in the third section, to be the selling any quantity less than a quart, and by the twelfth section, any quantity whatever, if to be drank at the place where sold; it follows as an inevitable conclusion, that the latter species of the offence is put upon the same footing as to the mode of procedure, with the former; and that in addition to the qui tarn action given by the act of 1779, they are both indictable by the act of 1838.
2nd. The charge of the court was clearly correct. The idea that a quart of spirits may be sold and drank in the yard, the back lot, or in an adjoining room, is a shallow device to evade the law. The words of the act are “provided the same be not intended to be drank on the plantation whereon the same are sold.” This word plantation is of very extensive signification, and when applied to a town would be taken to mean, the lot, yard, adjoining room, or other house attached to and belonging to the .premises where the liquor was vended.
The court was also right in saying that the person vending the liquor, furnishing the bottle, glasses and conveniences of drinking, thereby afforded evidence that he had sold it with the intention it should be drank at the place.
3rd. It is contended in argument, that the indictment ought to allege that the liquor was actually drank at the place where sold. *319 This we think is not necessary. The statute makes the sale an of-fence, if the party selling intended the liquor to be drank on the plantation. This is enough to allege in the indictment. If he did not so intend, he would not be guilty, though the purchaser, against the will of the vendor, were to drink the liquor in his house. So, on the other hand, if he intended it to be drank there, he would be guilty, though the purchaser might take it away from the place. The actual drinking is only necessary to be proved as a circumstance from which to infer the intention of the party selling, and need not be alleged in the indictment.
4th. It is insisted, that the venue is not sufficiently laid in the indictment. The State and county are written at full length in the margin; after which it is stated, that the grand jury elected to en-quire for the body of the county aforesaid, present, that Demsey Sanderlin, late of said county, on the 4th day of June, 1840, with force and arms in the county, unlawfully, &c.
Here the county of Shelby is written at full length, and twice referred to as the county aforesaid, and then by the words the county. It is true that, in strictness, the word aforesaid should have been added, and probably would be indispensable in an indictment for felony; but in a misdemeanor, where so much strictness is not required, we think this allegation is sufficient. It is not possible to mistake the meaning of the words the county. No other county had been mentioned but Shelby, and that having been Written and referred to, by the county aforesaid twice previously, and then by the definite article “the,” necessarily means that county, the name of which had been, immediately before, three times repeated.
The cases referred to in 2 Cro. 606, 750, the word “county” was omitted, as well as the word “aforesaidand the case in 3 P. Williams, 496, was an indictment for felony.
Let the judgment be affirmed.